(No. 80-CC-0186– )

BRIAN DE VAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 4, 1982.*

WILLIAM J. McGANN, for Claimant.

TYRONE C. FAHNER, Attorney General (SANDRA L. ANDINA, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court on joint stipulation of the parties to an award of $1,800.00 in favor of Claimant as and for personal injuries suffered by him on August 10, 1978. The Court being fully advised hereby finds as follows:

1. On August 10, 1978, at 2:00 a.m., Claimant, a Chicago police officer, pulled a traffic violator to the east shoulder of the northbound local lanes of Interstate Highway 94, the Dan Ryan Expressway, at approximately 3100 South in Chicago, Illinois.

2. Claimant exited his squad car and walked to the violator's vehicle along the driver's side of both cars. After issuing a warning, he returned to his squad car by the same route.

3. En route to his squad car, Claimant stepped into a broken storm sewer grate situated in the rain gutter

between the shoulder and the extreme right hand travelled lane.

4. As a result of stepping into the broken sewer grate, Claimant suffered contusions and sprains of his left ankle, and cervical and lumbar spines.

5. Claimant did not see said grate because he was concerned with avoiding being hit by oncoming high-speed traffic.

6. Although pedestrians are specifically prohibited by law from entering upon limited access highways, Claimant was, as a law enforcement officer engaged in the performance of his duties, lawfully upon the highway at the time of the accident.

7. The storm sewer was within the maintenance jurisdiction of the Illinois Department of Transportation.

8. That Claimant lost no wages but incurred $635.00 in medical bills, all but $73.00 of which were paid out of pocket and uncompensated by insurance.

9. That based on the nature and extent of Claimant's injury and the amount of proven special damages, $1,800.00 is a fair award for full and final settlement of the claim.

10. That notwithstanding this order, this Court does not hold that Respondent owes a duty to maintain its highways in a safe condition for pedestrians not lawfully upon them.